PER CURIAM.
On August 9, 1983, the Judicial Qualifications Commission filed its Notice of Formal Proceedings and Stipulation for Submission to the Supreme Court. In the stipulation the parties agreed that the following factual matters stated in the Notice of Formal Proceedings were true:
1. On the 7th day of September, 1982, you were nominated to the position of Circuit Judge of the 17th Judicial Circuit of Florida; and on the 2nd day of November, 1982, you were elected to said position; and on the 4th day of January, 1983, you assumed the office of Circuit Judge of said Circuit.
2. You had been employed as an Assistant State’s Attorney in the 17th Judicial Circuit for more than four years immediately prior to you resigning this position on or about July 1, 1982, to qualify for election as Circuit Judge. Your primary duty as an Assistant State’s Attorney was to prosecute persons charged with major drug violations, and in that capacity you acquired special knowledge and expertise in the prosecution of same.
3. On or about the 8th day of September, 1982 (one day after your nomination), you entered into the employment of Kay and Silber, Attorneys at Law, Fort Lauderdale, Florida, a firm specializing in the defense of persons charged with crimes, including a substantial number of clients charged with offenses of the type which you had prosecuted. You remained in the employ of this firm until early December, 1982, at which time you terminated your employment only after suggestions to that effect by a Circuit Judge of the 17th Judicial Circuit. While so employed by these attorneys, you advised them as to the “weak points” of the State in the prosecution of drug related cases.
4. Furthermore, in or about November, 1982, while you were employed by Kay and Silber, you secretly conferred at length, with Greg Ross, at his request and urging, an Assistant State Attorney in the 17th Judicial Circuit of Florida, who was assigned to prosecute a case styled as State vs. Murphy in which a defendant was represented by Kay and Silber. This case involved drug-related offenses of the type which you had fre *344 quently prosecuted in the past. At this conference you advised Prosecuting Attorney Ross, in general terms, of the “weak points” in the defense of drug-related cases such as the Murphy case, made suggestions as to the best methods to secure a successful prosecution, and especially requested Attorney Ross not to disclose your meeting with anyone, including your employers, from whom you withheld knowledge of this meeting.
The Judicial Qualifications Commission has recommended a public reprimand. We accept the Commission’s recommendation and the publication of this opinion in Southern Reporter shall serve as Judge Speiser’s public reprimand for his conduct as an attorney which occurred prior to his becoming a circuit judge.
ALDERMAN, C.J., and BOYD, OVER-TON and McDONALD, JJ., concur.
EHRLICH, J., dissents with an opinion with which SHAW, J., concurs.